USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GWENDOLYN BURNS CHAMBERS,

                Plaintiff,

    - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

19-CV-2145 (RWL)

**DECISION & ORDER:
SOCIAL SECURITY – FEES**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    Plaintiff Gwendolyn Burns Chambers ("Chambers" or "Plaintiff"), represented by counsel, commenced the instant action against the Commissioner of the Social Security Administration (the "Commissioner") pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner's decision that Chambers is not entitled to supplemental security income under 42 U.S.C. § 423 *et seq.* Following cross-motions for judgment on the pleadings, this Court granted Chambers' motion, denied the Commissioner's motion, and remanded the matter for further proceedings. *See Chambers v. Commissioner of Social Security*, No. 19-CV-2145, 2020 WL 5628052 (S.D.N.Y. Sept. 21, 2020). Currently before the Court is Chambers' application for attorneys' fees and costs.

**Entitlement to Fees and Costs**[1]

Chambers asks for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). She requests payment of fees expended for both the work on the merits and the instant fee motion. The Commissioner opposes the application, arguing that fees are not warranted because the Commissioner's position on the merits was substantially justified. The Commissioner further argues that if fees are awarded, the amounts sought by Chambers are excessive and should be reduced.[2]

The statute provides in pertinent part that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2142(d)(1)(A). As the Second Circuit has summarized:

> The Commissioner bears the burden of showing that his position was "substantially justified," which the Supreme Court has construed to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). To make this showing, the Commissioner must demonstrate that his position had a "reasonable basis both in law and

---

[1] In the discussion that follows, "Comm'r Opp." refers to the Commissioner's Memorandum of Law in Opposition (Dkt. 35), and "Pl. Reply" refers to Plaintiff's Reply to Defendant's Memorandum of Law in Opposition (Dkt. 36).

[2] The Commissioner also argues that payment of fees should be made to the Plaintiff, not to Plaintiff's counsel. Plaintiff's counsel agrees that payment shall be made to his client. (Pl. Reply at 7.) Accordingly, the issue is moot and need not be addressed further by the Court.

>fact."  *Id.* at 563, 108 S. Ct. 2541 (internal quotation marks omitted); *see Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005).

*Ericksson v. Commissioner of Social Security*, 557 F.3d 79, 81-82 (2d Cir. 2009); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 145 (2d Cir. 2011) ("A position is substantially justified if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'") (quoting *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 n.6 (1990)). The Commissioner's position "can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct."  *Pierce*, 487 U.S. at 566 n.2.

The Court finds that the Commissioner has not met its burden to demonstrate that its position was substantially justified. On the merits, Chambers argued that the Administrative Law Judge ("ALJ") who decided her case at the agency level erred in applying the law with respect to weighing medical opinions of both Chambers' treating physician and non-treating physicians. Chambers also argued that the ALJ erred in evaluating complaints about her symptoms. This Court agreed with Chambers on all counts. Indeed, the issues were not even close. This Court thus found that the ALJ's reasons for weighing the medical opinions as she did "hardly pass muster as 'good,'" 2020 WL 5628052 at *10; that "the ALJ omitted important information and thereby materially distorted the record," *id.*; that the ALJ "mischaracterized as 'inconsistent' activities that [were] fully consistent with [Chambers' treating physician]'s opinion," *id.*; that "the ALJ incorrectly characterized Chambers' course of treatment," *id.* at *11; that "[t]he ALJ got it exactly backwards" regarding the efficacy of Chambers' conservative

3

treatment, *id.*; that "the ALJ's conclusory statement" characterizing the medical record as unremarkable "is baffling," *id.*; that the ALJ made findings "betrayed by the record," *id.*; that "the ALJ [made] her own assessments of the medical record in place of those of Chambers' treating doctor, committing yet another legal error," *id.* at *13; and that the errors made "are far from academic," *id.*

In short, although the Commissioner's arguments and positions in opposition to Chambers' motion for judgment on the pleadings were not frivolous, they were not substantially justified. Accordingly, Chambers is entitled to recover her attorneys' fees and costs. The Court now turns to the amount of fees and costs to be awarded.

**Amount of Fees Awarded**

The EAJA allows for recovery of "reasonable" attorneys' fees. 28 U.S.C. § 2142(d)(2)(A). Attorneys' fees under the EAJA are determined by considering the number of hours expended on the litigation, multiplied by the hourly rate, which is capped by statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The fee applicant has the burden of establishing the reasonableness of the rates charged and the hours expended, and "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The court has broad discretion in determining the amount of time reasonably expended. *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 11 (2d Cir. 1986). Moreover, time spent on litigating a fee application is compensable. *Black v. Nunwood, Inc.*, No. 13-CV-7207, 2015 WL 1958917, at *7 (S.D.N.Y. April 30, 2015) ("It is well established that 'time reasonably

spent by plaintiff's attorneys in establishing their fee [is] compensable.'") (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980)).

Chambers seeks recovery of $7,184.09 in fees and $16.80 in costs for work on the merits, and $1,075.56 in fees for work on the instant fee motion. The fees are based on 38.4 hours for the merits work and 5.2 total hours for the fee motion. With respect to hourly rates, Plaintiff seeks $206.84 per attorney hour. That figure is based on the historical EAJA fee benchmark established in 1996 at $125, adjusted for cost of living increases, which the relevant statute permits.[3] 28 U.S.C. § 2412(d)(2)(A)(ii); *Kerin v. United States Postal Service*, 218 F.3d 185, 194 (2d Cir. 2000) ("the district court may choose to apply a cost of living adjustment to this ceiling, as measured by the Consumer Price Index"). Plaintiff seeks $100 per hour for paralegal time, which comprises 7.1 of the total hours. The Court finds these rates to be eminently reasonable. Additionally, the Court has reviewed the time records submitted by counsel and finds most of the time expended and tasks performed appropriate and reasonable for the type of work involved. The few exceptions are discussed next in the context of addressing the Commissioner's contentions.

The Commissioner challenges the fees sought as excessive for multiple reasons. First, the Commissioner asserts that Plaintiff's counsel overstaffed the matter with five attorneys and five paralegals, which led to duplication of efforts. (Comm'r Opp. at 9-10.) Deploying that many attorneys and paralegals on a routine social security benefits case

---

[3] Plaintiff's counsel submitted supporting documentation for cost of living increases based on the Consumer Price Index, along with time records and other materials supporting Plaintiff's fee application. *See* Attorney's Affirmation in Support of Motion for EAJA Fees, Howard D. Olinsky, dated Dec. 15, 2020 (Dkt. 31) ("Olinsky Aff.").

5

is quite excessive indeed.  *Cf. Cutajar v. Commissioner of Social Security*, No. 19-CV-5569, 2020 WL 2999232, at *3 (S.D.N.Y. June 4, 2020) (finding hours excessive where "the use of four attorneys" – by the same firm whose fee application is at issue in the instant action – "in this routine social security case resulted in a duplication of efforts"). Plaintiff's counsel points out, however, that all those people did not work on the totality of the matter together at one time; rather, they each performed different tasks and functions.  (*See* Pl. Reply at 4-5.)  That said, the entries reflect some duplication of effort, or at least inefficiencies, such as review of portions of the record by multiple attorneys, and the lack of any one attorney who familiar with the entire matter.  And, Plaintiff's counsel acknowledges some duplication resulting from departure from the firm of the principal attorney originally assigned to the matter.  (Pl. Reply at 5.)

But at the same time, the records reflect many entries for which the time recorded is zero.  (Olinsky Aff., Ex. B.)  These include attorney entries, among others, for exchanging or reviewing emails with opposing counsel, reviewing documents, sending internal emails, and corresponding with the client.  These entries are notable because they appear to reflect not only counsel's good faith effort to avoid duplicative and merely clerical entries, but actual implementation of that effort.

The Commissioner cites to a Second Circuit decision that found use of even just two attorneys resulted in duplication of effort, leading to almost 82 hours of work. (Comm'r Opp. at 10 (citing *Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015)).)  In slashing the fee application by 40 percent, the court noted that the time expended "amounts to over double the amount of hours courts within this Circuit typically award for routine social security cases."  *Padula*, 602 F. App'x at 28 (citing *Parsons v.*

6

*Commissioner of Social Security*, No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008) ("In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours.") (collecting cases)). Though at the high end, the time for which Plaintiff seeks counsel fees here – 38.4 hours – falls within the typical range for routine social security cases.

Considering all the circumstances, the Court will deduct 3 hours of attorney time due to duplication and inefficiencies.

The Commissioner also takes issue with attorney and paralegal time entries for clerical work, preparation of service documents, and preparation of the administrative record for attorney review. (Comm'r Opp at 10-12.) *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them"); *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) ("routine office overhead" is not recoverable and "must normally be absorbed within the attorney's hourly rate"). The Commissioner identifies several paralegal entries it contends are non-compensable clerical services amounting to 3.5 hours of time or $350. Some of the tasks performed actually promote efficiency that likely save more time overall. (*See, e.g.*, Pl. Reply at 6 (explaining steps involved in and benefits of compiling and converting the record for optical character recognition).)

After reviewing the time records, the Court agrees with Plaintiff's own suggested reduction of 1.1 paralegal hours.

Summing up, Plaintiff is entitled to recovery of fees and costs as follows:

| | | | | |
|---|---|---|---|---:|
| Atty hourly rate | $206.84 | Atty hours | 28.3 | $5,853.57 |
| Paralegal rate | $100.00 | Paralegal hours | 6.0 | $600.00 |
| Fee Application | $206.84 | Atty hours | 5.2 | $1,075.56 |
| Costs | | | | $16.80 |

## Conclusion

For the foregoing reasons, Plaintiff is awarded $7,545.93 in fees and costs. The Clerk is respectfully requested to terminate the motion at Dkt. 30.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2021
     New York, New York

Copies transmitted this date to all counsel of record.